[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13804
Non-Argument Calendar
_____

Agency No. A087-919-885


VLADA BLISCIUC,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(April 8, 2015)

Before WILLIAM PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Vlada Blisciuc, a native and citizen of Moldova, petitions for review of a decision affirming the denial of her application for asylum and withholding of removal. 8 U.S.C. §§ 1158(a), 1231(b)(3). The Board of Immigration Appeals affirmed the findings of an immigration judge that Blisciuc did not suffer past persecution and lacks a well-founded fear of future persecution. We deny the petition.

Substantial evidence supports the finding that Blisciuc was never persecuted while living in Moldova. In 2009, Blisciuc attended an anti-communism demonstration at which three persons were killed, but Blisciuc left before the police harmed any demonstrators. And government officials did not contact Blisciuc during the month-long interim between the demonstration and her departure to the United States. Although Bliciuc's grandparents disappeared in the 1940s allegedly because they opposed the Communist Party, "threatening acts or harm against other family members does not constitute or imply persecution of the petitioner where there has been no threat or harm directed against the petitioner." *Rodriguez v. U.S. Att'y Gen.*, 735 F.3d 1302, 1308 (11th Cir. 2013). The record does not compel a finding that Blisciuc suffered past persecution. *See Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

Substantial evidence also supports the finding that Blisciuc lacks a well-founded fear of future persecution when she returns to Moldova. Blisciuc

2

expressed fears of persecution by the Communist Party for her earlier opposition efforts, but that political party is no longer in control of the government. Nor is there any evidence to suggest that its members know of or would target Blisciuc for her earlier activities.

Blisciuc testified that she feared Roman Caraiman, who employed her in Florida as a masseuse and who fled to Moldova before being indicted with Blisciuc in federal court for illegal prostitution and human trafficking, but even if Caraiman might wish to mistreat Blisciuc because she might testify against him, being a victim of criminal activities does not "constitute evidence of persecution based on a statutorily protected ground," *Rodriguez*, 735 F.3d at 1310. And there is no evidence that Caraiman intends to harm Blisciuc. Blisciuc testified that Caraiman had called her from Moldova, but he sought to employ her when she returned home and did not threaten her. Blisciuc also testified that Caraiman had not contacted Blisciuc after she changed her telephone number nor had he attempted to harm her parents, who still live in Moldova. We cannot say that the record compels a finding that there is a reasonable possibility that Blisciuc will face persecution when she returns home. *See Mendoza*, 327 F.3d at 1287. And because Blisciuc failed to establish that she was entitled to asylum, she also cannot satisfy the higher standard applied to an application for withholding of removal. *See Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140, 1157 n.19 (11th Cir. 2014).

Blisciuc argues that her fear of future persecution stems from her membership in a social group of "massage girls" and because of the pattern or practice of the government of persecuting student protestors, but we lack jurisdiction to consider these arguments. Although Blisciuc cited caselaw about being persecuted based on membership in a social group in her appeal to the Board, she failed to identify a specific group to which she belonged or that had been the victim of a pattern or practice of persecution. "[A]bsent a cognizable excuse or exception, we lack jurisdiction" to consider arguments that Blisciuc failed to raise before the Board. *Amaya-Artunduaga v. U.S. Att'y Gen.*, 463 F.3d 1247, 1250 (11th Cir. 2006) (internal quotation marks omitted).

We **DENY** Blisciuc's petition for review.

4